1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   IVAN J. HERRERA,                        Case No.:  25-cv-02051-AJB-SBC
     Booking No. 24715443,
12                                           **ORDER DISMISSING CIVIL**
13                           Plaintiff,      **ACTION FOR FAILURE TO PAY**
                                             **FILING FEES REQUIRED BY**
14                    vs.                    **28 U.S.C. § 1914(a) AND/OR FOR**
                                             **FAILURE TO MOVE TO PROCEED**
15   STATE OF CALIFORNIA,                    **IN FORMA PAUPERIS**
                                             **PURSUANT TO 28 U.S.C. § 1915(a)**
16                           Defendant.
17

18       Plaintiff Ivan J. Herrera, while detained at the San Diego Sheriff Office's George

19   Bailey Detention Facility ("GBDF"), and proceeding pro se, filed this civil rights action

20   pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1.) Plaintiff claims he was attacked by another

21   GBDF detainee while he was using the bathroom in his housing unit, cuffed, and denied

22   medical attention afterward. (*Id.* at 1.)

23       All parties instituting any civil action, suit or proceeding in a district court of the

24   United States, except an application for writ of habeas corpus, must pay a filing fee of

25   $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

26   prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP")

27   pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir.

28   2007) ("*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However,

1  a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in
2  "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v.*
3  *Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is
4  ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844,
5  847 (9th Cir. 2002).

6       Section 1915(a)(2) requires all persons seeking to proceed without full prepayment
7  of fees to submit an *affidavit* that includes a statement of all assets possessed and which
8  demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir.
9  2015) (emphasis added). "The *in forma pauperis* statute authorizes courts to allow '[1] the
10  commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,
11  or appeal therein, without prepayment of fees and costs or security therefor, by a person
12  who [2] makes affidavit that he is [3] unable to pay such costs or give security therefor.'"
13  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 214
14  (1993) (quoting 28 U.S.C. § 1915(a)).

15       In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy
16  of the trust fund account statement (or institutional equivalent) for . . . the 6-month period
17  immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*
18  *King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement
19  that the Court assesses an initial payment of 20% of (a) the average monthly deposits in
20  the account for the past six months, or (b) the average monthly balance in the account for
21  the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C.
22  § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then
23  collects subsequent payments, assessed at 20% of the preceding month's income, in any
24  month in which his account exceeds $10, and forwards those payments to the Court until
25  the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

26       Plaintiff did not pay the $405 filing fee required to commence a civil action when
27  he filed his complaint, nor has he filed a motion to proceed IFP, which includes *both* the
28  affidavit required by 28 U.S.C. § 1915(a)(1) *and* certified copies of his trust fund account

1  activity as required by 28 U.S.C. § 1915(a)(2). Therefore, until Plaintiff either pays the

2  filing fee "upfront," *Bruce*, 577 U.S. at 86, or files a properly supported motion to proceed

3  IFP, his case cannot proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

**CONCLUSION**

5       Accordingly, the Court:

6       (1)   **DISMISSES** this action without prejudice based on Plaintiff's failure to pay

7  the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a), and his failure

8  to move to proceed IFP pursuant to 28 U.S.C. § 1915(a);

9       (2)   **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to

10  re-open this case by: (a) prepaying the entire $405 civil filing and administrative fee

11  required by 28 U.S.C. § 1914(a) in full; *or* (b) completing and filing a Motion and

12  Declaration in Support of Motion to Proceed IFP that complies with 28 U.S.C.

13  § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2.b; and

14       (3)   **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved

15  form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and

16  convenience. Should Plaintiff neither pay the $405 filing fee in full nor sufficiently

17  complete and file the attached IFP motion within 45 days, this civil action will remained

18  dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of

19  the Court.

20       **IT IS SO ORDERED.**

21  Dated:  September 15, 2025

22  Hon. Anthony J. Battaglia
23  United States District Judge

25-cv-02051-AJB-SBC